UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
MITKEM TECHNOLOGIES,   Chapter 7
        DEBTOR   Case No. 09-10979-WCH

**MEMORANDUM OF DECISION**

I. INTRODUCTION

The matters before the Court are Bank of America, N.A.'s ("BOA's") Motions for Relief from Automatic Stay (the "Motions") and the Chapter 7 Trustee's (the "Trustee's") Objections to Motion of Bank of America, N.A. for Relief from Automatic Stay (the "Objections"). BOA seeks relief with respect to bank account funds that are in the Trustee's possession, and the Trustee disputes BOA's security interest in those funds pursuant to the Massachusetts Uniform Commercial Code – Secured Transactions (the "UCC").[1] For the reasons set forth below, I will enter an order granting the Motions.

II. BACKGROUND

Mitkem Technologies (the "Debtor"), a Massachusetts corporation, was a supplier of electronic components. In addition to supplying electronic components, the Debtor acquired and sold electronic components on behalf of third parties pursuant to consignment agreements.

On July 27, 2005, the Debtor executed a promissory note (the "Note") in the principal sum of $150,000 payable to BOA, which the Debtor amended on August 8, 2006 to increase the

---

[1] Mass. Gen. Laws. ch. 106 § 9-101, *et seq.*

1

principal sum to $200,000.[2] To secure repayment of the Note, BOA acquired a security interest in all of the Debtor's business assets, including accounts receivable, and filed financing statements with the Massachusetts Secretary of State.

On February 9, 2009, the Debtor filed a voluntary Chapter 7 petition, and on February 10, 2009, the Trustee was appointed. On Schedule B—Personal Property, the Debtor listed a bank account with BOA in the amount of $5,833.01 (the "BOA Account"), and another with Sovereign Bank in the amount of $66,721.81 (the "Sovereign Account") (collectively, the "Accounts"). According to deposition testimony of the Debtor's principals, Robert Meehan and Mark Frampton, the Accounts' funds are proceeds of the Debtor's accounts receivable.

In late March, 2009, the Trustee closed the Accounts and deposited the funds into a trustee account. On July 2, 2009, BOA filed the Motions, seeking relief from stay with respect to the Accounts. On July 15, 2009, the Trustee filed the Objections, disputing BOA's security interest in the Accounts. I held a hearing on July 22, 2009, and its conclusion, I took the Motions under advisement.

III. POSITIONS OF THE PARTIES

    A. The Trustee

The Trustee challenges BOA's entitlement to the Accounts' funds. First, because the Trustee has control of the Accounts' funds, the Trustee argues that BOA has the burden of proving that the Accounts' funds are identifiable proceeds of the Debtor's accounts receivable and that they did not come from any other source. The Trustee maintains that BOA failed to satisfy this burden because the Debtor's consignment sales could be the source of the Accounts' funds. Second, even if BOA satisfied its evidentiary burden, the Trustee maintains that he takes

---

[2] The Debtor amended the Note again on November 27, 2007 to extend the Note's maturity date to June 30, 2008.

2

the Accounts' funds free of BOA's security interest because he is a transferee of the Accounts' funds under UCC § 9-332.

In addition to challenging BOA's security interest, the Trustee maintains that he is entitled to recover the reasonable costs and expenses in preserving BOA's collateral pursuant to 11 U.S.C. § 506(c).

### B. BOA

In response, BOA argues that it has met its burden of proving that the Accounts' funds are identifiable proceeds of the Debtor's accounts receivable, highlighting both the Debtor's principals' deposition testimony and the lack of any other competing claims to the Accounts' funds. BOA further argues that the Trustee, as a representative of the Debtor and the Debtor's estate, is not a transferee under UCC § 9-332.

Regarding the Trustee's 11 U.S.C. §506(c) claim, BOA contends that the Trustee is not entitled to reasonable costs and expenses from BOA because the Trustee did not undertake any actions that benefited BOA.

### IV. DISCUSSION

UCC § 9-315(a)(2) provides that "a security interest attaches to any identifiable proceeds of collateral."[3] Therefore, BOA has a security interest in the Accounts' funds so long as they are identifiable proceeds of the Debtor's accounts receivable.[4] Based on the Debtor's principals' deposition testimony, as well as the lack of objection, response, or competing claim to the Accounts' funds from any other creditors, including consignors, I find that the Accounts' funds are identifiable proceeds of the Debtor's accounts receivable.

---

[3] Mass. Gen. Laws ch. 106 § 9-315(a)(2).

[4] *See Gen. Elec. Co., Business Lighting Group v. Halmar Distribs., Inc., et al. (In re Halmar Distribs., Inc.),* 232 B.R. 18, 24 (Bankr. D. Mass. 1999) (secured creditor must prove that the proceeds came from its collateral and not from any other source).

3

Despite BOA's security interest in the Accounts' funds, UCC § 9-332(b) provides that "[a] transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party."[5] The Trustee, however, is not a transferee under § 9-322(b), and to the extent that other courts have decided differently, I respectfully disagree. Rather, the Trustee is a lien creditor whose rights arose upon the Debtor's filing of its bankruptcy petition.[6] While a security interest is subordinate to the rights of a person who became a lien creditor before the security interest was perfected under UCC § 9-317(a)(2)(A), the Trustee became a lien creditor after BOA perfected its security interest in all the Debtor's business assets.[7]

I find the Trustee's 11 U.S.C. § 506(c) claim for reasonable costs and expenses to be without merit.

V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Motions.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: August 31, 2009

---

[5] Mass. Gen. Laws ch. 106 § 9-332(b).

[6] Mass. Gen. Laws ch. 106 § 9-102(a)(52).

[7] BOA's security interest in the Accounts' funds is a perfected security interest because BOA's security interest in the Debtor's accounts receivable was perfected. Mass. Gen. Laws ch. 106 § 9-315(c).